**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FRANK GAYE, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CREDIT COLLECTION SERVICES, )<br>INC., )<br>)<br>    Defendant ) | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

FRANK GAYE ("Plaintiff"), by and through attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's principal office is located in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19145.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its corporate office located at 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, for automobile insurance.

12. The alleged debt Defendant was attempting to collect, a Progressive Specialty Insurance auto policy premium, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff disputes owing the alleged debt.

14. At the time Plaintiff cancelled his auto insurance policy with Progressive, his policy had been paid and no amount was owed.

15. Nevertheless, beginning in or around August 2013 and continuing through December 2013, Defendant contacted Plaintiff in an attempt to collect an alleged debt.

16. In its attempts to collect an alleged debt, Defendant contacted Plaintiff on his home and cellular telephones.

17. Plaintiff did not want to be contacted on his home and cellular telephones by Defendant; accordingly, on at least one occasion, Plaintiff told Defendant to stop calling him.

18. In response, Defendant's collector hung up on Plaintiff.

19. Defendant never updated its records to stop the collection calls to Plaintiff and/or restricted calls to Plaintiff's home and cellular telephone numbers.

20. Further, Defendant never investigated Plaintiff's dispute of the debt and/or marked the debt as disputed.

21. Rather, Defendant persisted in calling Plaintiff despite knowing that he did not want to be contacted on his home and cellular telephones and that he disputed owing the debt.

22. Lastly, in its attempts to collect a debt, Defendant sent Plaintiff letters seeking and demanding payment of the alleged debt.

23. Specifically, on or after August 15, 2013, Defendant sent Plaintiff a letter threatening that "adverse credit information is scheduled to be reported on or after 09/21/13." See Exhibit A, Defendant's August 15, 2013, letter.

24. Because he did not owe the debt and did not want this to adversely affect his credit, Plaintiff contacted Defendant and advised them of his dispute of the debt.

25. Nevertheless, on or after October 24, 2013, Defendant sent Plaintiff correspondence with "CREDIT REPORTING ALERT," which Plaintiff understood to mean that Defendant had reported this debt to the credit reporting bureaus. See Exhibit B, Defendant's October 24, 2013, letter.

26. Nowhere in its correspondence to Plaintiff does Defendant inform Plaintiff that it notified the credit reporting bureaus that the debt was disputed, and upon information and belief, Defendant did not notify the credit reporting bureaus

that the debt was disputed.  See Exhibit B.

27. Further, in its October 24, 2013, letter, Defendant threatened to contact Plaintiff at his "residence and/or place of employment" if he did not contact Defendant.  See Exhibit B.

28. Defendant knew at the time it sent its October 24, 2013, letter that Plaintiff did not want to be contacted on the telephone, but determined to continue to contact him and escalate its contacts by seeking to contact him at his place of employment to pressure Plaintiff into paying the disputed debt.

29. Then, on or after December 4, 2013, Defendant sent Plaintiff correspondence with the words "CREDIT REPORTING ALERT" appearing in bold font around the letter and stating "your account was reported to a credit bureau(s) and now displays a serious delinquent payment obligation."  See Exhibit C, Defendant's December 4, 2013, letter.

30. Again, nowhere in its correspondence to Plaintiff does Defendant inform Plaintiff that it also notified the credit reporting bureaus that the alleged debt was disputed.  See Exhibit C.

31. Upon information and belief, Defendant did not notify the credit reporting bureaus that the alleged debt was disputed.

32. Upon information and belief, when Defendant reported the debt to the credit reporting bureaus, it had not investigated Plaintiff's dispute of the debt

and/or it was not in possession of any information (i.e. payment history, insurance policy, or cancellation letter) showing that there was an actual debt owed.

33. Defendant's actions as described herein were made with the intent to harass, abuse, deceive, and act unfairly towards Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly and continuously calling Plaintiff on his home and cellular telephones after telling Defendant to stop contacting him, and hanging up on Plaintiff after he advised

them that he disputed the debt.

# COUNT II

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(11).

    a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. A debt collector violates § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(8) of the FDCPA by failing to communicate to the credit reporting agency that Plaintiff disputed the debt and falsely stating that Plaintiff owed a debt when no debt was owed.

PLAINTIFF'S COMPLAINT

## COUNT III

36. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by failing to investigate Plaintiff's dispute of the debt, failing to update its records to stop the calls to Plaintiff's telephones, threatening to call him at his place of employment, trying to collect a debt that was not owed, and engaging in other unfair and unconscionable conduct.

WHEREFORE, Plaintiff, FRANK GAYE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FRANK GAYE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: July 30, 2014        By:  /s/ Craig Thor Kimmel
                                      Craig Thor Kimmel
                                      BBO# 662924
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Fax: 877-788-2864
                                      Email: kimmel@creditlaw.com